Argued and submitted November 21, 1990, affirmed March 6, 1991

In the Matter of the Appeal of
John M. Gruszczynski.

John M. GRUSZCZYNSKI,
*Appellant,*

*v.*

STATE OF OREGON BOARD OF
HIGHER EDUCATION
and Eastern Oregon State College,
*Respondents.*

(88C11944; CA A63504)

806 P2d 1168

Brendan Enright, Portland, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Petitioner's one-year teaching contract was not renewed by Eastern Oregon State College (EOSC). After he did not receive relief through EOSC's grievance procedures, he petitioned for review under ORS 183.484. The circuit court dismissed the petition for lack of jurisdiction. We affirm.

Petitioner taught at the Ackerman Laboratory School, an elementary school operated by EOSC. He was hired on a one-year, fixed-term contract for the 1986-1987 academic year. The contract was renewed for the 1987-1988 school year. In December, 1987, petitioner was told that his contract would not be renewed for the 1988-1989 academic year.

Petitioner filed a grievance with EOSC's grievance committee, alleging that his dismissal and evaluation were improper. After the committee rejected his grievance, he sought review by EOSC's president, who also rejected it. He then sought review by the Board of Higher Education, in accordance with its administrative rules governing grievances. The Board appointed a hearings officer, who submitted a recommended order rejecting the grievance. The Board adopted the recommendation. Petitioner sought reconsideration on issues not pertinent here. The Board reconsidered its decision but again rejected the grievance.

Petitioner then sought circuit court review of the Board's decision under ORS 183.484 as an order in other than a contested case. Respondents filed a motion to dismiss, arguing that the court lacked jurisdiction, because the Board's decision was not an order in other than a contested case. The court dismissed the petition for lack of jurisdiction.

An "order" is defined in ORS 183.310(5)(a) as

"any agency action expressed orally or in writing directed to a named person or named persons, *other than employees, officers or members of an agency.*" (Emphasis supplied.)

Respondents contend that the Board's action was not an "order," because petitioner was an employee of the Board. Petitioner argues that he was an employee of EOSC, not the Board, and therefore was not an employee of the agency whose action he contests. He concedes that, if the Board and the

whole system of higher education, including EOSC, are considered one "agency" under ORS 183.310(5)(a), he would be considered an employee of the Board.

We conclude that petitioner was an employee of the Board and, therefore, its action in denying his grievance was not an order under ORS 183.310(5)(a) and, consequently, not an order in other than a contested case. All employees of the state system of higher education, including EOSC, are employees of the Board. ORS 351.070(1)(a); ORS 352.002; *Papadopoulos v. Bd. of Higher Ed.*, 14 Or App 130, 161, 511 P2d 854, *rev den* (1973), *cert den* 417 US 919 (1974). ORS 351.070(1)(a) provides, in part:

"(1)  The State Board of Higher Education may, for each institution under its control:

"(a)  *Appoint and employ* a president and the requisite number of professors, teachers and employees, and prescribe their compensation and tenure of office or employment." (Emphasis supplied.)

Petitioner argues, alternatively, that, even if he is an employee of the Board, as a matter of policy the statute should not be read to preclude state employees from obtaining judicial review of agency actions directed to them. However, the plain language of the statute shows that the legislature intended to preclude judicial review of agency action directed toward its own employees. Whether that is good policy is a matter for the legislature, not the courts.

Because the Board's action was not an order within the meaning of ORS 183.310(5)(a), petitioner is not entitled to judicial review under ORS 183.484, and the trial court properly dismissed the petition for lack of jurisdiction.

Affirmed.