Argued and submitted July 26, taken In Banc and resubmitted September 9, affirmed October 16, 1991

## CALIFORNIA TABLE GRAPE COMMISSION,
### and Jack McFadden and Jackie Selgregg,
### dba Brice's,
*Appellants,*

*v.*

## THE DEPARTMENT OF HUMAN RESOURCES,
### Health Division of the State of Oregon,
*Respondent.*

### (88C11567; CA A51069)
818 P2d 983

J. Michael Alexander, Salem, argued the cause for appellants. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia Linder, Solicitor General, and Leonard Pearlman, Assistant Attorney General, Portland.

ROSSMAN, J.

### ROSSMAN, J.

In this judicial review of an administrative order, ORS 183.484, petitioners appeal a judgment of the circuit court dismissing their action for lack of jurisdiction. The issue is whether a notice sent to food service establishments by the Health Division of the Department of Human Resources (Division), advising them of a change in Division rules, is an "order" within the definition of ORS 183.310(5)(a) and (b) that is reviewable in circuit court. The circuit court held that it is not and dismissed the action. We affirm.

In 1988, Division rescinded a temporary rule allowing food service establishments to serve grapes treated with sulfites under certain circumstances if a public notice was posted regarding the presence of sulfites. After issuing a statement of need and declaring an emergency pursuant to ORS 183.335(5), it then adopted a temporary rule prohibiting the sale of all sulfite-treated foods. The new temporary rule was identical to permanent OAR 333-151-010(4), which would be reinstated upon expiration of the temporary rule.[1] A few days later, Division sent a notice of the rule change addressed to all "food service facilities," which stated:

> "The Health Division filed a temporary rule on November 1, 1988 prohibiting in any food service facility subject to OAR 333-150-000 through 333-168-200 the serving of fresh vegetables, fresh salad items and fresh fruit to which sulfites have been added.

> "The November 1, 1988 temporary rule cancels the temporary rule filed on August 24, 1988 which allowed for sulfited grapes to be used in food service facilities with certain restrictions.

> "The August 24 temporary rule change gave an exception to table grapes treated with sulfites as a fungicide. However, examination of the legislation reveals an intent to prohibit the sale of fresh fruits and vegetables containing sulfites and not to authorize a lesser restriction. Therefore, the Division has decided to return to the original rule without an exception for grapes.

---

[1] Petitioners are also parties to a proceeding under ORS 183.400, which challenges the validity of OAR 333-151-010(4): *Calif. Table Grape Comm'n v. Health Div.*, 109 Or App 226, 818 P2d 985 (1991). We ordered abatement of *Calif. Table Grape Comm'n v. Health Div., supra,* during this proceeding.

*"As of November 1, 1988, grapes treated with sulfites cannot be served in a food service facility."* (Emphasis in original.)

The notice then set out the text of the new OAR 333-151-010(4). Petitioners sought circuit court review of the notice of the rule change as an order in other than a contested case under ORS 183.484. Division moved to dismiss, arguing that the circuit court lacked jurisdiction, because the notice was not an order. *See Gruszczynski v. Board of Higher Education,* 106 Or App 260, 806 P2d 1168 (1991). The court dismissed the petition for lack of jurisdiction.

An "order" is defined in ORS 183.310(5)(a) as

"any agency action expressed orally or in writing directed to a named person or named persons, other than employees, officers or members of an agency."

Division contends that the notice is not an "order," because it is directed generally to all food service facilities, not to a named person or persons. In addition, it contends that, because the notice does not mandate specific action by any party or alter the interpretation of existing rules, it is only intended to announce the reinstatement of OAR 333-151-010(4) upon expiration of the temporary rule.

We agree. The notice is intended to fulfill the requirement that affected persons must be notified of a rule change. ORS 183.355(2)(b).[2] Petitioners' challenge to the notice is intended as a challenge to the validity of OAR 333-151-010(4). That challenge is before this court in *Calif. Table Grape Comm'n v. Health Div.,* 109 Or App 226, 818 P2d 985 (1991). ORS 183.400; *see* n 1, *supra.* The notice was not an order within the meaning of ORS 183.310(5)(a) and petitioners are not entitled to judicial review in circuit court under ORS 183.484. The circuit court properly dismissed the petition for lack of jurisdiction.

Affirmed.

---

[2] ORS 183.355(2)(b) provides:

"A temporary rule becomes effective upon filing with the Secretary of State, or at a designated later date, only if the statement required by ORS 183.335(5) is filed with the rule. The agency shall take appropriate measures to make temporary rules known to the persons who may be affected by them."

Petitioners do not dispute that Division filed the statement required by ORS 183.335(5).